### STATE EX REL. v. BUTLER CO. (COMRS.)

1. CONSTRUCTING ELEVATOR IN COURT HOUSE BUILDING IS AN ADDITION TO OR ALTERATION THEREOF.

   Erecting a passenger elevator in a court house building, although the shaft therefore was constructed at the time the building was errected, some years previous, is an addition to or an alteration of such building, within the meaning of Sec. 798, Rev. Stat., requiring the commissioners to advertise for proposals if the estimated cost exceeds $1,000.

2. SECTION 851, REV. STAT., IN NO WAY INTERFERES WITH REQUIREMENTS OF SEC. 798, REV. STAT.

   Section 851, Rev. Stat., providing, that "no proposition of any character involving an expenditure of $1,000 or upwards, shall be agreed to by the board, unless the period of twenty days has elapsed since the introduction of the proposition, except by unanimous consent of all members present at the board, and such consent shall be taken by yeas and nays and entered on the record," having been passed long before Sec. 798, Rev. Stat., in no way, ·by implication or otherwise, interferes with the express provisions of the last mentioned section.

APPEAL from the Court of Common Pleas of Butler county.

SMITH, J.

The question submitted to us in this case is whether upon the pleadings and the facts as agreed upon, the commissioners of Butler county had the right and were authorized by law to enter into a contract with Carr & Co. as they undertook to do, by which Carr & Co.

were to erect an elevator in the Butler county court house, at their bid of $1,490.

It is admitted that when the court house was erected about thirteen years ago, there was constructed and built as a part of said building, an elevator shaft of brick and mortar, extending from the basement of the building to the fourth story thereof, with openings and doors leading to the various floors of the building for access to and egress therefrom; that an elevator has never been placed in said shaft, and which shaft is now in said court house ready to receive an elevator.

On October 15, 1898, Carr & Co. made to the county commissioners a proposition in writing to furnish and erect in said shaft one Haven hydraulic passenger elevator, to be built in accordance with the plans and specifications, furnished for $1,490. The proposition was received by the board, and ordered to be filed without other action. On November 5, 1898, one of the commissioners, Smyer, offered a resolution awarding the contract to Carr & Co., at their bid of $1,490, according to the plans and specifications submitted by them. Thereupon another of the commissioners, Mr. Zoller, moved to amend the resolution, so as to make it a resolution to advertise for bids for building an elevator; this was lost and the original resolution passed, two of the commissioners voting for it and one against. At the time of the awarding of this contract to Carr & Co. there was sufficient money in the county treasury to the credit of the building fund for the payment of the $1,490, the contract price, and has been ever since, but the auditor of the county inadvertently omitted to certify this, and it was not so certified until December 13, 1898, long after the filing of the petition in this case, and perhaps not until the case was decided by the court of common pleas.

The first question presented is whether in an improvement of this character, where the contract price is over $1,000, the county commissioners are authorized to make the contract for the doing of the work without advertising for proposals therefor. Section 798, Rev. Stat., which appears in chapter 1, title 6, under the head of "Public Buildings" provides as follows:

"After such plans, descriptions, bills of material, specifications and estimates are made and approved as required by this chapter, the county auditor shall give public notice in two of the principal papers in any such county * * * of the time and place when and where sealed proposals will be received for performing the labor and furnishing the materials necessary to the erection of any public building * * * or any addition to or alteration thereof, and a contract or contracts based on such sealed proposals will be made." ‧ ‧

And provision is then made as to the time of publication of such notice, and what it shall contain. Then follows this sentence:

"But when the estimated value of any public building * * * or of making any addition to or repair of any public building * * * does not exceed $1,000 the same may be let at private contract without publication."

It seems clear to us that if the putting in of this elevator into the court house is an addition to or repair thereof, that the commissioners, by the terms of this section, must advertise as provided in the section, if the estimated cost is over $1,000, as was the case here. And it seems equally clear to us that the improvement in question was an addition to or an alteration of the court house. It is evident from the proposals submitted and the specifications of the character of the work to be done,

and what it would be when completed and attached to the building, that it would be a part thereof—certainly a fixture, and would pass with the realty. We see no reason whatever for likening it to articles of furniture, purely personal property, as to which the claim is that any amount may be purchased at private sale by the commissioners, which is doubtful.

On this ground alone we would be of the opinion that the commissioners should be perpetually enjoined from carrying out this alleged contract. The counsel for the defendants, however, argue that sec. 851, Rev. Stat., allows (by implication at least) the commissioners to make such a contract. It says:

"No proposition of any character involving an expenditure of $1,000 or upwards, shall be agreed to by the board unless the period of twenty days has elapsed since the introduction of the proposition, except by the unanimous consent of all the members present of the board, and such consent shall be taken by yeas and nays and entered on the record."

This section appears under the heading of "County Commissioners," and points out their general duties and powers, and was passed long before the other section to which we have referred. We see, then, no reason for holding that this section in any way interferes with the express provisions of sec. 798, Rev. Stat. The design of it seems to be to prevent hasty action on the part of the commissioners in any proposition involving an expenditure of $1,000 or upwards, and to require that such expenditure be not authorized, unless the period of twenty days has elapsed since the introduction of the proposition, except by the unanimous consent of the members present, and cannot in any way interfere with or change any provision which makes it the duty of the board to advertise for proposals when so directed by any statute. Entertaining this view, we do not deem it necessary to express an opinion on any of the other questions argued, as to the failure of the commissioners to comply with the terms of the statute, or of the auditor to make the proper certificate under the provisions of sec. 2834b, Rev. Stat., 93 Ohio Laws, 218. Their action in these matters might perhaps be corrected. But on the ground that this contract was entered into without advertising for bids under sec. 798, the injunction prayed for will be allowed.

*Warren Gard,* for plaintiffs.

*Morey, Andrews & Morey,* for defendants.